Filed 3/12/25  P. v. Gonzales CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GONZALO ROBERT GONZALES,<br><br>    Defendant and Appellant. | H052098<br>(Santa Clara County<br>Super. Ct. No. 86443) |

**THE COURT***

Gonzalo Gonzales appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[1]  Counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Gonzales subsequently filed a supplemental brief.  Concluding that Gonzales raises no arguable issues, we affirm the trial court's order.

## I.  BACKGROUND

In 1983, a jury convicted Gonzales of second degree murder and found true the allegation that he used a firearm in committing that offense.  The trial court sentenced Gonzales to an indeterminate term of 17 years to life in prison, and the judgment was affirmed in *People v. Gonzales* (Dec. 19, 1985, A024720) [nonpub. opn.].

---

* Before Grover, Acting P. J., Danner, J., and Lie, J.

[1] Undesignated statutory references are to the Penal Code.

In 2023, Gonzales filed a petition for resentencing,[2] asserting that he was convicted of murder under the felony murder and natural and probable consequences doctrines and is entitled to relief under section 1172.6. Gonzales's petition also alleged multiple "trial errors," including insufficiency of evidence, erroneous admission of evidence, instructional error, prosecutorial misconduct, and ineffective assistance of trial counsel.

In an opposition, the district attorney argued that Gonzales was ineligible for resentencing as a matter of law because he was tried as the sole perpetrator and convicted under a theory of second degree murder which required the jury to find malice beyond a reasonable doubt. The district attorney attached to its opposition jury instructions and verdict forms from Gonzales's trial, as well as excerpts of trial testimony and respective counsel's closing arguments.

In reply, Gonzales filed a motion on his own behalf, representing that appointed counsel had declined to file papers in support of his resentencing and requesting more time to respond to the district attorney's arguments.

At a hearing on the prima facie sufficiency of Gonzales's petition, the trial court denied the resentencing petition, finding no "factual or legal basis upon which to grant" it. Gonzales timely appealed.[3]

On appeal, counsel filed an opening brief that raised no issues but complied with *Delgadillo*, *supra*, 14 Cal.5th at pages 231–232. We notified Gonzales that he could file a supplemental brief on his own behalf, and that failure to do so would result in dismissal of the appeal as abandoned. (*Id*. at p. 232.) Although Gonzales filed a supplemental

---

[2] The record indicates that Gonzales filed his initial resentencing petition in May 2023. While that petition was pending, Gonzales filed a second petition in November, which the trial court denied as duplicative. The record contains only the latter petition.

[3] After filing the notice of appeal, Gonzales moved the trial court for reconsideration of its order, which the court dismissed for lack of jurisdiction.

brief two days after the prescribed 30-day timeline, we have accepted the brief and will address the merits.

Having considered the supplemental brief, we conclude Gonzales does not raise an arguable issue on appeal.

## II. DISCUSSION

A defendant is eligible for resentencing if he was "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).) But a defendant is not eligible for resentencing as a matter of law if the record of conviction "conclusively establishes" that he (1) was the actual killer; (2) not the actual killer but, with the intent to kill, acted as a direct aider and abettor; (3) was a major participant in the underlying felony and acted with reckless indifference to human life; or (4) acted with malice aforethought not imputed based solely on his participation in a crime. (See *People v. Lopez* (2022) 78 Cal.App.5th 1, 14; *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.)

The record of conviction conclusively establishes that Gonzales was the actual killer and convicted under a theory of murder that required a finding that he personally acted with malice: The trial court did not instruct the jury on felony murder, natural and probable consequences, or any theories of accomplice liability, and neither the instructions nor the parties' closing arguments made any reference to an accomplice. Rather, Gonzales was tried as the sole perpetrator of the killing and convicted as such after the jury rejected his claim of self-defense. And "[a]s the sole and actual killer . . . [he] is ineligible for resentencing under section 1172.6 as a matter of law." (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1201; see also *People v. Hurtado* (2023) 89 Cal.App.5th 887, 889 [affirming denial of § 1172.6 petition at prima facie stage because "defendant was the only person who committed the crime . . . for which a jury found him guilty beyond a reasonable doubt"]; *Delgadillo*, *supra*, 14 Cal.5th at p. 233

3

[affirming denial of § 1172.6 petition at prima facie stage because record "makes clear that Delgadillo was the actual killer and the only participant in the killing"].)

Gonzales's supplemental brief alleges trial and sentencing errors—that insufficient evidence supported his murder conviction, both because he had a viable claim of self-defense and because the evidence suggested that a third party named "Tom" could have been responsible for the killing; that the trial prosecutor engaged in misconduct and one of the witnesses provided perjured testimony; and that he has already served a "constitutionally excessive amount of time."

But these arguments are not cognizable on a section 1172.6 resentencing petition or in this appeal. The judgment was finally affirmed in 1985. "The mere filing of a [section 1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; see also *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [holding that the resentencing provision "does not permit a petitioner to establish eligibility on the basis of alleged trial errors"].)

Because Gonzales raises no arguable issue in his supplemental brief, we affirm the trial court's order.

### III.    DISPOSITION

The order denying the resentencing petition is affirmed.